BROCKENBROUGH, J.,
delivered the opinion and judgment of the Court, to the following effect:
The Plaintiff instituted an action of debt, on a promissory note, against Robert N. Norris, who gave Richard Norris as his appearance bail. An office judgment was rendered against the Defendant and bail, and at the next session of the Superior Court, the said appearance bail became special bail, and the Defendant not having pleaded to the action, the judgment at the end of the Term stood confirmed against him, but the Clerk did not enter it as confirmed against the appearance bail. The execution issued against the Defendant alone, and proved ineffectual. At the ^succeeding Superior Court, the Plaintiff moved the Court to correct what he contended was an error of the Clerk in entering the final judgment after the preceding Term, “ alleging that judgment ought to have been entered finally against the appearance bail, as well as the Defendant, because the appearance bail, although he entered special bail, failed to set aside the Office Judgment.” The Judge of that Court thereupon adjourned to this Court the following question : “ Does the entry of special bail by the appearance bail, after an Office Judgment confirmed at Rules, virtually set aside the judgment against the said appearance bail?”
The proper solution of this question depends on the correct construction of the Act of Assembly. The language is as follows: “Every judgment entered in the office against any Defendant, or against any Defendant and bail, or against any Defendant and Sheriff, shall be set aside, if the Defendant at the succeeding Term, &c. shall be allowed to appear without bail, put in good bail, being ruled so to do, or surrender himself in custody, and shall plead to issue immediately.” (a) Another clause of the Act will throw light on this subject. The Sheriff is directed to return the names of the bail, and the bail bond, or a copy, on the day of appearance. “And if the Defendant shall {ail to appear accordingly, and give special bail, the bail for appearance may defend the suit, and shall be subject to the same judgment and recovery as the Defendant might or would be subject to, if he had appeared and given special bail.” (b) The condition of the bail bond is, that the Defendant do appear to answer the Plaintiff of his plea. He must appear according to the exigency of the writ, and this appearance is effected by putting in, and justifying bail to the action, (c) The condition, then, of the bail bond is complied with, by putting in bail to the action, if done in due time, (d) Bail to the action, is what is known to the Statutes of Virginia by the term Special Bail. His undertaking is different from that of the appearance bail; it is, that if the Defendant be cast in the suit, he will pay and satisfy - the condemnation of. the Court,. *208 or render his body *in execution, or that the special bail will do it for him. If this kind of bail be put in, in due time, the appearance bail is discharged. What, then, is the due time ? In the Case of Dunlops v. Daporte, (e) it was decided that the appearance bail had a right to become special bail, not only on the return day of the writ, or at the first Term after the Office Judgment rendered, but even at the second Term after the appearance bail himself had defended the suit, and had pleaded for the principal. That second Term was decided to be due time for putting in special bail, because at that very time, the Defendant himself is allowed to appear by putting in special bail, although he had been before in default, and was then allowed to plead to issue.
It is true, that as to the Defendant himself, the Office Judgment cannot be set aside, without pleading to issue, as well as giving good bail, where bail is required. But we do not think that as to the appearance bail, a plea by the Defendant is necessary to set aside the Office Judgment. If the Defendant be allowed “ to appear without bail,” the appearance bail is discharged by the act of the Court, without pleading : so, “ if he surrender himself in custody,” the bail is discharged, whether the Defendant plead, or not: in like manner, if the Defendant “ put in good bail, being ruled so to do,” the appearance bail is discharged. • 1. Because that is the due time allowed by the Court for the Defendant to appear : And 2. Because the undertaking of the two kinds of bail being different from, and incompatible with, each other, they cannot both stand together. The Daw does not authorise the Plaintiff to have a double security, existing at the same time, namely, a security for the appearance of the Defendant, and when that is effected by the authority of the Court, another security (in addition thereto,) for the payment of the debt, or the surrender of the Defendant’s person.
Why should a plea be necessary for the discharge of the appearance bail ? It is necessary for the Defendant, because without it, he cannot shew that he does not owe the debt, or has paid it, or present any other bar to. the Plaintiff’s action : but, for the bail, it is not necessary, because all that is required of him, is, that the Defendant should appear, and that being effected, it is not important to him that the Defendant should offer any bar to the Plaintiff’s action.
*By the 4Sth section of the said Act, if the Defendant fail to appear on the return day of the'writ, the appearance bail may defend the suit. It has never been doubted, that under this Daw, the appearance bail might-defend the suit, as well after Office Judgment', as on the 'return day of the Writ. It is every day’s practice. Then what says this Daw, as understood by the Courts ? If the Defendant fail to appear and give special bail, the appearance bail may defend the suit, and in such case, he is subject to the same judgment as the Defendant would be subject to, if he had appeared and given special bail. But, if the Defendant gives special bail, then the appearance bail may not defend the suit, and, therefore, will not be subject to the same judgment as the Defendant.
Por these reasons, (and by adopting the maxim, referenda singula singulis,) we are all of opinion, that the words “ and plead to issue,” &c. apply to the Defendant in every case where he means to set aside the Office Judgment, but that they apply to the appearance bail, or Sheriff only, where no special bail is given.
When the special bail is put in, it is proper that the judgment against the appearance bail should be expressly set aside, and the Clerk ought so to enter it in the order book. But, the omission of the Clerk, so to enter it, ought not to place the bail in a worse situation than he is placed in by the Daw.
The following is tobe entered as the judgment of the Court:
“The Court is unanimously of opinion, and doth decide, that the entry of special bail, by the appearance bail, after an "Office Judgment, confirmed at Rules, does virtually set aside the judgment against the said appearance bail, which is ordered to be certified to the Superior Court of Culpeper. This decision renders it unnecessary to decide the other questions adjourned.”

 1 Rev. Code of 1819, ch. 128, § 77, p. 508.

 Ib. § 45, p. 500.

 3 Black. Com. 290.

 2 Bac. Abr. 346.

 1 Hen. & Munf. 22.